No. 30,170.

CLARE SEYFER, *Plaintiff*, v. E. T. BLOOMER, as County Attorney, etc., et al., *Defendants*.

(297 Pac. 681.)

Opinion filed April 11, 1931.

*W. L. Cunningham, Arthur D. Walker, Fred G. Leach, William E. Cunningham* and *Earle N. Wright*, all of Arkansas City, for the plaintiff.

No appearance was made for the defendants.

The opinion of the court was delivered by

BURCH, J.: The plaintiff petitions this court for a writ of mandamus to compel the county attorney and a justice of the peace of Cowley county to afford plaintiff a lawful preliminary examination.

A complaint was filed with the justice of the peace charging plaintiff with a felony, and plaintiff was arrested and brought before the justice of the peace for a preliminary examination. In the course of the proceeding the county attorney offered in evidence the affidavit of a witness who was not ill, nor under restraint, and who was available, and could have been produced. Objection was made to the introduction of the affidavit in evidence, on the ground plaintiff had a right to be confronted by the witness, and plaintiff demanded that the witness be produced. The objection was overruled, the demand was refused, the affidavit was admitted, and the justice of the peace refused to strike the affidavit from the record. At the conclusion of the proceeding plaintiff was held for trial by the district court.

Persons prosecuted for felony may not be held to answer to the

district court on affidavit testimony, and introduction of the affidavit was a flagrant violation of R. S. 62-614, which reads as follows:

"The magistrate before whom any person is brought upon a charge of having committed an offense, shall as soon as may be examine the complainant and the witnesses to support the prosecution, on oath, in the presence of the party charged."

Notwithstanding the fact that plaintiff's rights have been transgressed, a writ of mandamus from this court is not his remedy. The writ may not be issued in any case in which there is a plain and adequate remedy in the ordinary course of the law (R. S. 60-1702), and plaintiff has such a remedy by plea in abatement in the district court.

A copy of the affidavit is not attached to the petition, and this court cannot tell whether the affidavit was really material, or had a tendency to affect the result. The county attorney and the justice of the peace seem to have regarded it as material. If the affidavit was of any importance, the district court can deal with the subject according to the method suggested in the opinion in the case of *Hancock v. Nye*, 118 Kan. 384, 387, 234 Pac. 945.

The writ is denied.

SLOAN, J., not participating.